FILED

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

98 OCT -6 PM 3: 54

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| FIDELITY AND GUARANTY INSURANCE COMPANY | ) ) ) |
| Plaintiff | ) ) ) |
| v. | ) ) ) |
| MARLENE WOOD, | ) ) ) |
| Defendant and Cross-complainant | ) ) ) |
| | ) |
| CRUMPTON SPRINKLER CORPORATION AND MARLENE WOOD, | ) ) ) ) |
| Cross-complainants | ) ) ) |
| v. | ) ) ) |
| RICHARD DAVID CRUMPTON, | ) ) ) |
| Cross-claim defendant | ) |

97-
CV-AR-2890-S

ENTERED
OCT 6 1998

## MEMORANDUM OPINION

The court has before it the renewed motion for summary judgment, filed on September 9, 1998 by plaintiff Fidelity and Guaranty Insurance Company ("FGIC"). The original single plaintiff, United States Fidelity and Guaranty Company ("USF&G"), the parent company of FGIC, has managed to disappear as a plaintiff. It was not included as a plaintiff on the final pretrial order entered on July 24, 1998. After FGIC's first motion for summary judgment, this court entered summary judgment against all defendant's except defendant Marlene Wood ("Wood"). FGIC now points out that Wood has withdrawn the defense which prevented the

1

76

entry of summary judgment against her upon its original Rule 56 motion. In its renewed motion, FGIC argues:

> Defendant Wood has maintained in her Answer and Additional Amendment to Answer that her signature to the Master Surety Agreement was procured by the fraud of Cross-claim defendant, Richard David Crumpton. Defendant Wood, however, has not asserted, nor is there any evidence in this action, that any employee, agent or representative of FGIC induced defendant Wood to sign the Master Surety Agreement. Absent such evidence, defendant Wood does not have any defense *to the claims of FGIC* under the Master Surety Agreement based upon fraud in the inducement.[1]

*Pl.'s Renewed Motion for Summary Judgment,* ¶ 2. FGIC's argument is well taken. Although Wood may have a cause of action against cross-claim defendant, Richard David Crumpton ("Crumpton"), based upon his alleged fraudulent behavior, she has failed to allege or provide any evidence that FGIC or its agents engaged in fraudulent behavior of any kind. Having withdrawn her defense that her signature to the Master Surety Agreement was forged, she has surrendered any real defense against liability to plaintiff upon the Master Surety Agreement.

The basic amount of Wood's obligation under the surety agreement is undisputed. The only sums remaining for determination are prejudgment interest, attorney's fees and court costs. FGIC's motion will be granted by a separate and appropriate order. Because the jurisdiction of this court over the cross-claim was pendent only and had no separate jurisdictional basis, the court

---

[1] FGIC directs the court's attention to *Standard Surety & Cas. Co. of New York v. Olson*, 150 F.2d 385 (8th Cir. 1945), in which the court found that the alleged fraud of a construction contractor's president in procuring defendant's signature to an agreement to indemnify the contractor's surety for any loss resulting from the contractor's default in performing said contract could not be imputed to the surety, and was no defense to surety's action on the indemnity agreement for loss sustained from contractor's default. Although not binding, this court finds the Eighth Circuit opinion persuasive.

will dismiss it without prejudice.

DONE this __6th__ day of October, 1998.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE